Case 6:19-cv-00068-DLC Document 7 Filed 11/26/19 Page 1 of 9



FILED

NOV 2 6 2019

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LLOYD SCOTT MAIER,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER,<br><br>Respondent. | Cause No. CV 19-68-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on state pro se Petitioner Lloyd Scott Maier's amended application for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth herein, Maier's petition should be dismissed with prejudice as untimely.

### I. Background

Maier challenges convictions for two counts of Attempted Deliberate Homicide imposed in Cascade County, Montana, on June 28, 1996, following a jury trial. He was sentenced to serve seventy years with fifteen suspended for Attempted Homicide with Use of a Weapon and thirty-two years for being a Persistent Felony Offender. (PFO). Amd. Pet. (Doc. 4) at 2 ¶¶ 1-4.

Maier has previously attempted to challenge the underlying judgment of conviction before this Court. See e.g., *Maier v. State of Montana*, No. CV-99-81

1

(D. Mont. June 8, 2001); *Maier v. State,* No. CV-04-69-SEH-CSO (D. Mont. March 2, 2005); *Maier v. Mahoney*, No. CV-11-79-BLG-RFC (D. Mont. Aug. 26, 2011); *Maier v. Montana*, No. CV-04-69-GF-SHE (D. Mont. Mar. 2, 2005); *Maier v. Mahoney*, No. CV-99-81-GF-RFC (D. Mon. June 8, 2011). Maier contends the prohibition on second and/or successive petitions should not apply to him, because he has newly discovered evidence which establishes his actual innocence and demonstrates that the prosecutors committed misconduct. (Doc. 4 at 4-5.)

Maier's newly discovered evidence consists of a September 30, 2014 "recantation" written by eyewitness Robert Allen Bradford. See, Bradford Ltr., attached to Amd. Pet. (Doc. 4-1.) In his letter, Bradford advises that he wishes to retract his trial testimony provided in Maier's case, because "[a]fter thinking all these years I don't think I am able to claim it was actually Mr. [Maier] who shot me. The person leaning out the window was in fact [too] blurry to see." *Id.* Bradford asserts the prosecutors and law enforcement officers involved in the investigation talked him into placing the blame on Maier. *Id.* While Bradford wishes to recant his prior testimony, he also has expressed an unwillingness to be involved in any further proceedings and that he would exercise his "right to remain silent" even if it means perjury charges are filed against him. *Id.*

Maier presented this same recantation/actual innocence claim to the Montana Supreme Court. In its decision denying Maier relief, *Maier v. Guyer*, OP

2

19-0535, Or. (Oct. 1, 2019),[1] the Court noted it was familiar with both Bradford and Maier and had previously addressed a similar claim from Maier:

> On September 24, 1998, a meeting was held between Maier and Robert Bradford at the Montana State Prison (MSP). At the time of the meeting, both Maier and Robert Bradford were inmates at MSP, and the meeting was arranged by prison officials in an attempt to avoid potential problems between the two men. During the meeting, Bradford recanted testimony he had given at Maier's trial in 1996, in which he named Maier as the person who had shot him on August 12, 1995.

*Id.* at 1-2, citing *Maier v. State*, 2003 MT 144, 316 Mont. 181, 69 P. 3d 1194, (*Maier II*). The Court found that Maier's claim failed to meet the postconviction pleading standards and was barred under the statute of limitations. In relation to Bradford's recantation testimony, the Court specifically found:

> [T]estimony from prison officials at the hearing on Maier's amended petition for post-conviction relief indicated that Bradford never actually stated that Maier was not the person who shot him. Rather, prison officials testified that Bradford stated that he was not able to view the shooter because he was hiding behind the dashboard of his vehicle. Additionally, at Maier's trial in 1996, two other witnesses identified Maier as the person who shot Bradford. Therefore, we conclude that Bradford's recanted testimony does not, by itself, establish that Maier did not commit the offense of attempted deliberate homicide on August 12, 1995. Accordingly, the "miscarriage of justice" exception to § 46-21-102, MCA (1999), does not apply to Maier's claims of newly discovered evidence.

*Id.* at 2, citing *Maier II*. Because the Court had already rendered a decision denying Maier relief based upon Bradford's "recantation" it found Maier had

---

[1] All state court briefing and orders available at: https://appecm.mt.gov/ (accessed November 25, 2019).

3

exhausted his appellate rights and was precluded from raising the same issue via a petition for habeas corpus relief. *Id.* Holding that Maier was not entitled to release or remand for a new trial, the Court denied his state habeas petition. *Id.* at 2-3.

## II. Federal Statute of Limitations

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244. As explained to Maier in this Court's prior order, under the most generous assessment of the limitations period, it appeared Maier's petition was filed over four years too late. (Doc. 5 at 2-3.) Maier was directed to show cause as to why his petition should not be dismissed as untimely.

Maier was advised the state habeas petition he filed would have no bearing on this Court's analysis because a state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. See, (Doc. 5 at 3)(citing *Ferguson v. Palmateer*, 321 F. 3d 820, 823 (9th Cir. 2003) ("Section 2244(d)(2) cannot 'revive' the limitation period once it has run; it can only serve to pause a clock that has not yet fully run.") Thus, it appeared statutory tolling could not serve to render Maier's petition timely.

The statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010). But Maier does not claim he is entitled

4

to equitable tolling, and the Court has found no basis to support such a claim.

Rather, Maier persists in his claim that the "newly discovered" letter from Bradford entitles him to relief. See generally, (Doc. 6.) There is an exception to the statute of limitations for claims that are grounded on facts that are not known to a petitioner until after his conviction becomes final. 28 U.S.C. § 2244(d)(1)(D). Under this exception, the limitations period does not begin to run until the new evidence is discovered or should have been discovered through the exercise of due diligence. *Id.* Arguably, Maier should have presented his actual innocence claim, based upon Bradford's purported recantation at the time he first had this information in 1998. But, for the sake of argument, this Court begins on the date Bradford provided the most recent recantation letter to Maier, that is, on September 30, 2014. Applying the newly discovered evidence exception, Maier should have filed his federal petition on or before Wednesday, September 30, 2015. But, as set forth above, he filed in this Court on October 10, 2019, more than four years too late.

Maier contends Bradford's letter proves that he is innocent of attempted homicide and, accordingly, this Court should overlook his late filing. In order to qualify for the actual innocence exception, a petitioner "must produce sufficient proof of his actual innocence to bring him within the narrow class of cases…implicating a fundamental miscarriage of justice." *Lee v. Lampert*, 653 F.

3d 929, 937 (9th Cir. 2011)(en banc). A valid claim of actual innocence requires that a petitioner introduce new, reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, demonstrating that it is more likely than not that no reasonable juror would have found him guilty. *Schlup v. Delo*, 513 U.S. 298, 234 (1995); *Lee,* 653 F. 3d at 938. Maier makes no such showing.

The letter from Bradford was written nearly twenty-years after the events underlying the criminal charges took place. Bradford did not make his statement under oath or under the penalty of perjury, which causes this Court to view the document with distrust. See, (Doc. 4-1.) Furthermore, Bradford indicates a clear unwillingness to have any further involvement in Maier's postconviction proceedings or to provide additional testimony. *Id.* Bradford does not provide any indication of who he believes the true shooter to be, rather he just claims his vision was "too blurry" to confirm it was Maier. *Id.* It is unclear why Bradford waited until 2014 to provide this letter to Maier, in turn, Maier provides no explanation as to why he waited until 2019 to present the letter to this Court. Given the overall lack of detail, the Court is skeptical of both the value and veracity of the Bradford letter. See, *Herrera v. Collins*, 506 U.S. 390, 423 (1993)(affidavits made many years after trial- seeking to exculpate a convicted prisoner and offering a new version of events are "not uncommon" and should be "treated with a fair degree of

skepticism").

Additionally, the Court notes that Bradford's letter is undermined by evidence presented at trial. Contrary to Maier's assertion that Bradford was the sole witness to identify Maier as the shooter, the Montana Supreme Court observed two other eyewitnesses positively identified Maier. See, *Maier v. Guyer*, OP 19-0535, Or. at 2. Additionally, in a prior appeal, the Circuit found the trial evidence presented against Maier was "overwhelming." See, *Maier v. Montana*, 58 Fed. Appx. 259, 261 (9th Cir. 2003)(unpublished).

Maier has failed to present trustworthy and reliable evidence sufficient to undermine this Court's confidence in his verdict. *Schlup*, 513 U.S. at 316. Accordingly, Maier has not shown his case is one of the "narrow class" of cases that would entitle him to pass through the actual innocence gateway. *Lee*, 653 F. 3d at 937; see also, *Shumway v. Payne*, 223 F. 3d 982, 990 (9th Cir. 2000)(because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected")(citing *Calderon v. Thomas*, 523 U.S. 538, 559 (1998)). Maier has failed to demonstrate actual innocence; his petition is time-barred without excuse and should be dismissed with prejudice.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

7

Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because Maier has not established an adequate basis to excuse the untimely filing of his petition. There are no close questions and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Mr. Maier's Amended Petition (Doc. 4) should be DISMISSED WITH PREJUDICE as time-barred without excuse.

2. The Clerk of Court should be directed to enter a judgment in favor or Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

8

Mr. Maier may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Maier must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 26th day of November, 2019.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge